Affirmed and Memorandum Opinion
filed November 3, 2009.

In
The

Fourteenth
Court of Appeals



NO. 14-08-00880-CR



daniel shaffer, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 400th District Court

Fort Bend County, Texas

Trial Court Cause
No. 42632



 

MEMORANDUM OPINION 

A jury found appellant, Daniel Shaffer, guilty of aggravated
assault with a deadly weapon.  On appeal, appellant challenges whether the
evidence is factually sufficient to uphold his conviction.  We affirm. 

BACKGROUND

             On June 12, 2005,
Terry Gordon and Arturo Zarate left a restaurant bar shortly before it closed.  Stafford
Police Officer Alex Reyes was on duty in the parking lot of the bar that night,
monitoring the exiting crowd of patrons.  Gordon and Zarate were part of a
group of five and all had shared several pitchers of beer before leaving the
bar.  As the group traversed the parking lot to go home, Gordon and Zarate
began “horseplaying” with one another, talking loudly and roughly.

            Appellant was
also in the parking lot with a couple of friends standing next to appellant’s
car.  Appellant’s group and Gordon and Zarate’s group did not know one another.
 It is undisputed that appellant retrieved his gun from his car, and an oral confrontation
between Gordon and appellant occurred.  Gordon then yelled for help from the
police and signified that appellant was pointing a gun at him.  Officer Reyes,
parked a few feet from appellant’s car and the scene of the confrontation,
pointed his gun at appellant, and ordered him to come forward.  Appellant ran
from Officer Reyes but was tackled by Reyes in the parking lot.  Another officer
retrieved a handgun near the location where Reyes had tackled and arrested appellant.


            At trial, Gordon
testified that appellant’s friend pulled a gun on him first before the confrontation
escalated, and appellant subsequently pointed the same gun at Gordon while threatening
to kill Gordon.  Gordon acknowledged that he was angry at appellant for pulling
a gun on him and uttering a racial slur.  Zarate, who was nearby Gordon during
the confrontation, saw only appellant pull a gun.  Also, Zarate testified that
he saw appellant discard a gun before he started running from the police.  In
contrast to Gordon’s and Zarate’s testimony, appellant testified that he had a
gun but claimed he kept it in his waistband and never threatened anyone.

            A grand jury
indicted appellant for aggravated assault with a deadly weapon.  After
appellant pleaded not guilty, a jury convicted him and assessed his punishment
at two years in state prison; the sentence was subsequently suspended and
appellant ordered to community service.  On appeal, appellant challenges
whether the evidence is factually sufficient to uphold his conviction.

STANDARD OF REVIEW

            In a factual
sufficiency review, we review all the evidence in a neutral light, favoring
neither party.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006).  We then ask whether (1) the evidence supporting the conviction,
although legally sufficient, is nevertheless so weak that the jury’s verdict
seems clearly wrong and manifestly unjust, or (2) considering the conflicting
evidence, the jury’s verdict is greatly against the great weight and
preponderance of the evidence.  Id. at 414-15, 417.  We cannot declare
that a conflict in the evidence justifies a new trial simply because we
disagree with the jury’s resolution of that conflict.  Id. at 417.  A
reviewing court’s evaluation should not intrude upon the factfinder’s role as
the sole judge of the weight and credibility given to any witness’s testimony.  Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 

FACTUAL SUFFICIENCY

            In his sole
issue, appellant contends that the evidence is factually insufficient to
support the jury’s finding of aggravated assault with a deadly weapon.  A
person commits aggravated assault with a deadly weapon when he or she
intentionally or knowingly threatens another with imminent bodily injury and
uses or exhibits a deadly weapon during the commission of the assault.  Tex. Penal Code § 22.02(a)(2).  Appellant
specifically argues that the testimony of key defense witnesses was unreliable
due to (1) alcohol consumption at the time of the events in question; (2) perceived
contradictions between witnesses’ recollections; and (3) a possible motive to
testify falsely.

Appellant first argues that the consumption of
alcohol by the two key witnesses for the State, Gordon and Zarate, impaired
their powers of perception to such a degree that their testimony was
unreliable.  However, it is up to the jury to determine the degree to which a
witness’s intoxication bears upon their credibility.  See Cain v. State,
958 S.W.2d 404, 409 (Tex. Crim. App. 1997).  In this case, the jury was within
its authority in determining that the intoxication of Gordon and Zarate did not
completely erode their credibility as witnesses.  Nothing in the record mandates
a contrary conclusion. 

Appellant next argues that the jury’s reliance upon
Gordon and Zarate’s testimony, in concluding that appellant intentionally
threatened Gordon with imminent bodily injury, was manifestly unjust because their
testimony was contradictory.  For example, appellant points out that Gordon testified
that both appellant and appellate’s friend pulled a gun, while Zarate testified
that he saw only appellant pull a gun, despite standing just behind appellant
during the incident.  Further, appellant highlights Zarate’s claim that he saw
appellant get rid of the gun before he ran from the police.  However, an
appellate court must defer to a jury’s determination regarding the weight it
attributes to contradictory testimony since it makes this decision based upon
an evaluation of the credibility and demeanor of the witnesses at trial.  Johnson,
23 S.W.3d at 8; see also Lancon v. State, 253 S.W.3d 699, 706 (Tex.
Crim. App. 2008) (“As we explained in [Johnson], an appellate court must
give deference to a jury’s decision regarding what weight to give contradictory
testimonial evidence because the decision is most likely based on an evaluation
of credibility and demeanor, which the jury is in the better position to
judge.”).  In making its determination, a jury is free to believe or disbelieve
a witness or any portion of his or her testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).  In short, the jury was free to believe
all of Gordon’s testimony or all of Zarate’s testimony or merely portions of
each.  The important factor is that there was sufficient evidence to support
the verdict in either of their testimony as well as in combined portions of
their testimony.

Finally, the appellant argues that Gordon’s testimony
was unreliable because his testimony reveals a motive to testify falsely.  In
this case, Gordon admitted that he was angry with appellant for having pointed
a gun at him and uttering a racial epithet.  The jury, however, was within its
authority to refuse to find that Gordon’s bias would lead him to falsify his
testimony to exact revenge on appellant.  See Gonzalez v. State, 63
S.W.3d 865, 874 (Tex. App.—Houston [14th Dist.] 2001), aff’d on
other grounds, 117 S.W.3d 831 (Tex. Crim. App. 2003)).[1]  Accordingly,
we conclude that the evidence sufficiently establishes the jury’s finding of
aggravated assault with a deadly weapon. 

We
affirm the trial court’s judgment.        

 

                                                                        

                                                            /s/        Adele
Hedges

                                                                        Chief
Justice

 

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
During oral argument, appellant’s counsel additionally argued that Gordon’s
testimony was not credible because he made the allegedly outlandish claim that
he approached appellant’s group a second time after having seen someone pull a
gun out the first time.  While this testimony might reflect poor judgment on
Gordon’s part, it is not beyond the realm of believability.  Again, this court
defers to a jury’s determination of the credibility of a witness at trial.  See
Johnson, 23 S.W.3d at 8.